# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

VENNIS McCALL, #K-55319,    )
             )
      **Plaintiff,**   )
             )
vs.            )  **Case No. 17−cv−01009−NJR**
             )
MS. WOOLED and     )
JOHN/JANE DOE,     )
             )
      **Defendants.**  )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

   Plaintiff Vennis McCall, an inmate who is currently incarcerated at Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was denied protective custody at Menard Correctional Center ("Menard") after members of a gang, known as the Gangster Disciples, warned him that a fellow inmate put a "hit" on him. (Doc. 1, pp. 8-9). Plaintiff was subsequently attacked and injured by the gang members. *Id.* In connection with this claim, he names two internal affairs officers, C/O Wooled and C/O John/Jane Doe. (Doc. 1, pp. 1-3). Plaintiff seeks monetary relief against both. (Doc. 1, pp. 15-16).

   This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

## The Complaint

According to the Complaint, Plaintiff is currently incarcerated for the murder of his foster family, including his foster father, mother, and brother. (Doc. 1, pp. 8-14). While serving his sentence in Menard's East Cell House on March 14, 2014, several members of the Gangster Disciples informed Plaintiff that a high-ranking gang member had put a "hit" on him. (Doc. 1, pp. 8-9). Shawn Gaston was the inmate who ordered the "hit." *Id*. He was related to Plaintiff's foster brother and victim, Allen McCullough, and was very close to him. *Id*. Plaintiff was warned that he would be attacked, if he did not transfer into protective custody ("PC").

Plaintiff requested PC the following day. (Doc. 1, p. 9). He reported the direct threats to an unknown internal affairs officer ("C/O John/Jane Doe"). *Id*. Plaintiff explained that Gaston and McCullough were not only related, they were also best friends. *Id*. Plaintiff expressed fear for his life. (Doc. 1, p. 10).

His request for PC was denied on March 20, 2014. (Doc. 1, p. 10). Plaintiff filed an appeal of the decision with the Administrative Review Board ("ARB") the following day. *Id*. Before the appeal was decided, however, Plaintiff was sent to segregation for disciplinary reasons. *Id*. It is unclear how long he remained there.

Plaintiff renewed his request for PC more than a year later on June 12, 2015. (Doc. 1, p. 10). He does not explain why but alleges that his request was unrelated to this case. *Id*. This second request for PC was also denied on June 22, 2015. *Id*. Plaintiff appealed the decision to the ARB, and his appeal was denied on August 27, 2015. *Id*.

On September 6, 2015, Plaintiff was interviewed by C/O Wooled, another internal affairs officer. (Doc. 1, p. 11). Plaintiff informed C/O Wooled that Gaston was related to one of his victims. *Id*. He explained that Gaston held rank in the Gangster Disciples and had a significant advantage over Plaintiff "with his gang affiliation [and] man power." *Id*. He expressed continued fear for his life because Gaston could plan a retaliatory "hit" on him at any time. *Id*. Plaintiff then renewed his verbal request for PC and put the request in writing as well. *Id*.

Instead of granting him PC, Plaintiff was transferred from Menard's North Cell House into the West Cell House where Gaston was also housed. (Doc. 1, pp. 11-12). Gaston eventually ordered another "hit" on Plaintiff and, on March 18, 2016, attacked him in the gymnasium restroom. *Id*. Gaston and several other gang members hit Plaintiff in his head and right eye, which caused a swollen black eye. (Doc. 1, p. 13). He fell to the floor during the attack and sustained injuries to both knees and his right foot, when he was dragged across the concrete. *Id*.

Plaintiff immediately reported the incident to an unknown lieutenant[1] who was assigned to the gym. (Doc. 1, p. 12). He was treated without any alleged delay for injuries to his head,

---

[1] The lieutenant is not named as a defendant in the case caption of the Complaint. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be

face, and knees. *Id*. An eye examination revealed that he needed a stronger prescription for his eyeglasses. (Doc. 1, p. 13). After complaining of pain in his right foot, an x-ray confirmed that his large toe was fractured. *Id*. Plaintiff received follow-up treatment for these injuries for "several months." (Doc. 1, pp. 12, 14). He was issued medical permits for showers with handrails while his foot healed. (Doc. 1, p. 14). He also was approved for PC following the inmate attack. *Id*.

Plaintiff maintains that these injuries could have been avoided, if C/O Wooled and C/O John/Jane Doe had granted his various requests for PC. (Doc. 1, p. 14). Their failure to do so gives rise to an Eighth Amendment deliberate indifference claim against both defendants. *Id*.

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following count:

> **Count 1:**  C/O Wooled and C/O John/Jane Doe failed to protect Plaintiff from a known and substantial risk of serious harm at Menard, in violation of the Eighth Amendment, when they denied his requests for protective custody after he was threatened and then attacked by Inmate Shawn Gaston and other members of the Gangster Disciples.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. **Any claim that is encompassed by the allegations in the**

---

considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

**Complaint but not identified herein is considered dismissed without prejudice from this action.**

<u>Discussion</u>

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A failure to protect claim arises when a plaintiff shows that he was incarcerated under conditions posing a substantial risk of serious harm to his safety, and the defendants acted with "deliberate indifference" to that danger. *Farmer,* 511 U.S. at 834; *Pinkston,* 440 F.3d at 889. Put differently, a plaintiff must demonstrate that prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff includes sufficient allegations against both defendants to state an Eighth Amendment failure to protect claim against them at screening. He complained to both officials about specific threats made against him by a high-ranking gang member and his affiliates. The gang leader was related to Plaintiff's victim and was also best friends with him. Instead of moving the two inmates away from one another, Plaintiff was transferred into the same housing unit with Inmate Gaston and then attacked. These allegations support a claim against C/O Wooled and C/O John/Jane Doe. Accordingly, Count 1 shall proceed against both defendants.

<u>**Identification of C/O John/Jane Doe**</u>

Plaintiff shall be allowed to proceed with Count 1 against C/O John/Jane Doe, the unknown internal affairs officer who denied Plaintiff's request for protective custody on or around March 15, 2014. However, this defendant must be identified with particularity before

service of the Complaint can be made on him or her. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d at 832.

Plaintiff filed a Motion to Submit Letter (Doc. 3), in which he seeks assistance identifying this unknown defendant. In this case, the Warden of Menard Correctional Center will be added as a defendant, in his or her official capacity only, for the sole purpose of responding to discovery aimed at identifying this unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of Defendant John/Jane Doe is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation for this individual in the case caption and throughout the Complaint. The Motion to Submit Letter (Doc. 3) is **DENIED as moot**.

## Disposition

The Clerk is directed to **ADD** the **WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only)** as a defendant for the sole purpose of responding to discovery aimed at identifying Defendant **C/O JOHN/JANE DOE** with particularity.

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and shall proceed against Defendants **C/O WOOLED** and **C/O JOHN/JANE DOE**. With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **C/O JOHN/JANE DOE (once identified), C/O WOOLED**, and the **WARDEN OF MENARD CORRECTIONAL CENTER:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint

(Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **C/O JOHN/JANE DOE** until such time as Plaintiff has identified the individual by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a plan for discovery aimed at identifying C/O John/Jane Doe with particularity. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 24, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**